IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARK DAVID LEBOW                                                                    PLAINTIFF

vs.                                           Civil No. 6:17-cv-06026

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark David Lebow ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed his disability application on April 19, 2011. (Tr. 8). In this application, Plaintiff alleges being disabled due to an enlarged heart, back problems, chronic bronchitis, and anger issues. (Tr. 133). Plaintiff alleges an onset date of March 1, 2011. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 51-52).

Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 23-50). Plaintiff's administrative hearing was held on August 28, 2012 in Little Rock, Arkansas. *Id.*

Thereafter, on September 19, 2012, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 5-18). Plaintiff then appealed this unfavorable decision to this Court, and Plaintiff's case was reversed and remanded for further consideration of his treating physician's opinions. *See Lebow v. SSA,* 6:17-cv-06026 (W.D. Ark. Nov. 12, 2014).

After this remand, the ALJ held another administrative hearing. (Tr. 543-570). Subsequent to this hearing, the ALJ entered another unfavorable decision.[1] (Tr. 511-529). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 19, 2011, his application date. (Tr. 516, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, bulging disc in the thoracic spine, disc protrusions in the lumbar spine, panic disorder, acrophobia, and bronchitis/chronic obstructive pulmonary disease, and a history of polysubstance abuse. (Tr. 517, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 517-519, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 519-527, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined

---

[1] This is the decision before the Court. It appears this is actually the *third* unfavorable decision, however, because another unfavorable decision was entered between this decision and the first. (Tr. 591-615). The Court will only address this third decision because it is the relevant one before the Court.

in 20 CFR 416.967(a) except he can occasionally climb, stoop, balance, crouch, kneel, and crawl. He cannot work at unrestricted heights. He cannot climb ladders or scaffolds. He cannot operate moving machinery, such as buses, taxicabs, or forklifts. He cannot operate heavy equipment or drive a vehicle. He can lift 10 pounds, sit six in an eight-hour workday, stand and/or walk six hours in an eight-hour workday, one to two hours without interruption. He can perform unskilled, rote activities; understand and follow concrete instructions. Contact with supervision and coworkers is superficial, he can meet, greet, make change, give simple instructions and directions. He can have limited contact with the public, no cashier-type work. He must work inside climate controlled environments, no temperature extremes, no heavy chemicals, dusts, or fumes. He can occasionally reach and handle.

*Id.*

Considering his RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of his PRW. (Tr. 527, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 528, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as a surveillance systems monitor (sedentary, unskilled) with 500 such jobs in Arkansas and 11,000 such jobs in the nation. (Tr. 528, Finding 9). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since April 19, 2011 (his application date). (Tr. 528, Finding 10). Thereafter, on March 13, 2017, Plaintiff filed his Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 6, 11-12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

4

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff argues the following: (A) the ALJ erred in applying the Listings; (B) the ALJ erred by failing to give proper weight to the opinions of his physicians; (C) the ALJ failed to properly assess his mental impairments; and (D) the ALJ erred in finding he could perform sedentary work. ECF No. 11 at 1-20. The Court will address each of these arguments.

**A.** **Listings**

Plaintiff claims the ALJ erred in evaluating his impairments under Listing 1.02 and Listing 1.04. ECF No. 11 at 3-10. Plaintiff has the burden of demonstrating his impairments meet *all* the

5

requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet the requirements of either of these Listings.

First, Plaintiff claims his impairments meet the requirements of Listing 1.02. Listing 1.02 requires a demonstration of a "gross anatomical deformity." Such a deformity includes "subluxation, contracture, bony or fibrous ankylosis, instability." In the present action, Plaintiff has not provided which "gross anatomical deformity" he has that meets one of these requirements. Instead, it appears Plaintiff is under the assumption that if he is unable to effective ambulate, he meets the requirements of Listing 1.02. This is simply not accurate. To meet the requirements of Listing 1.02, his impairments must meet *all* the requirements of this Listing, including suffering from such a "gross anatomical deformity."

Second, Plaintiff claims his impairments meet the requirements of Listing 1.04. Listing 1.04 requires a demonstration of a spinal disorder such as "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture" which results in the "compromise of a nerve root (including the cauda equina) or the spinal cord." In the present action, Plaintiff has provided evidence demonstrating degenerative disc disease. ECF No. 11 at 6-7. Plaintiff has also provided evidence of "mild nerve root pressure," but Plaintiff has not demonstrated a "compromise" of a nerve root or the spinal cord as is required by Listing 1.04. As such, Plaintiff has not met his burden as to this Listing.

  **B. Physicians' Opinions**

Plaintiff claims the ALJ erred by disregarding the findings of his physicians, Dr. Tucker, Dr.

Verser, and Dr. Honghiran. ECF No. 11 at 11-13. Upon review, the Court first notes that of these three physicians, the only *treating* physician was Dr. Verser. Thus, his opinions are the only opinions potentially entitled to any controlling weight. *See, e.g., Prosch v. Apfel,* 201 F.3d 1010, 1012 (8th Cir. 2000). Furthermore, in this case, the ALJ fully evaluated Dr. Verser's findings but decided to discount them because they were "inconsistent with the record as a whole." (Tr. 526). Such inconsistencies included the following:

> May 2011 records revealed that an MRI showed only mild centra canal stenosis and no nerve root impingement; neurological findings were minimal; normal ROM (range of motion), normal stability; and normal muscles strength and tone of the head, right and left upper extremities, right and left lower extremities, cranial nerves, and normal mood and effect. Hot Springs Neurosurgery Clinic noted there was no history of physical therapy within the past six months, no history of chiropractic therapy within the past six months coupled with MRI with minimal findings. NO aggressive surgical intervention was noted or recommended and the claimant did not frequently go to the hospital for intractable pain. March 18, 2012 x-rays of the pelvis and left hip showed no fractures or dislocations evident. While Dr. Verser opines that the claimant had arthritis in his hips, x-rays show absolutely no arthritis. . . .

(Tr. 526). Upon review of these reasons for discounting Dr. Verser's findings, the Court finds they are "good reasons" and finds no basis for reversal on this issue. *See Prosch,* 201 F.3d at 1013 (upholding the ALJ's assessment of a treating physician's findings where he "provided two good reasons for refusing to grant" a treating physician's opinions controlling weight).

### C. Mental Impairments

Plaintiff claims the ALJ did not properly evaluate his mental impairments. ECF No. 11 at 13-17. Specifically, Plaintiff argues his mental impairments meet the requirements of Listing 12.04 and Listing 12.06. *Id.* As noted above, Plaintiff has the burden of demonstrating his impairments meet *all* of the requirements of these Listings.

Indeed, both of these Listings (12.04, and 12.06) have very specific requirements. Upon review of Plaintiff's briefing in this matter, Plaintiff has not demonstrated *how* he meets any of these specific requirements. Without more, the Court simply cannot find Plaintiff has met her burden of demonstrating his impairments meet the requirements of Listings 12.04 and 12.06. Thus, the Court will not address these listings further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that the ALJ failed to consider whether claimant met the listings because the claimant provided no analysis of relevant facts or law regarding the listings).

### D. Sedentary Work

As a final point, Plaintiff argues the ALJ improperly determined he retained the capacity to perform sedentary work. ECF No. 11 at 18-19. In making this argument, the only specific claim Plaintiff raises is that the ALJ "never discussed Plaintiff's carpal tunnel syndrome and the fact that his hands go numb." *Id.*

In making this argument, it appears Plaintiff is referencing his hearing testimony from September 16, 2016 wherein he claimed his "hands stay numb and they can stay numb for a couple of days." (Tr. 558). During this hearing testimony, Plaintiff did admit that he had not been given a nerve conduction test and apparently had not been diagnosed with carpal tunnel syndrome. *Id.* Instead, he just referenced the findings of his "practicing physician" Dr. Verser. *Id.*

However, despite Plaintiff's testimony, Dr. Verser found in his report that Plaintiff could *frequently* grasp, perform fine manipulations, handle objects, and feel objects. (Tr. 502). Indeed, the only limitation Dr. Verser found was some limitation with Plaintiff's left hand and arm and pushing, pulling, and operating controls. In his RFC evaluation, the ALJ determined Plaintiff could

only "occasionally reach and handle." (Tr. 520, Finding 4). Thus, it appears the ALJ already considered that limitation, and Plaintiff has not demonstrated he has any greater limitations than those found by the ALJ. Accordingly, there is no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of February 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE